FILED

AUG 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COUNTY OF BUTTE, CALIFORNIA, | No. 10-70140 |
| Petitioner, | FERC Nos. EL09-55-000 |
| THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, | EL09-55-001 |
| Intervenor, | MEMORANDUM[*] |
| v. | |
| FEDERAL ENERGY REGULATORY COMMISSION, | |
| Respondent, | |
| CALIFORNIA DEPARTMENT OF WATER RESOURCES; STATE WATER CONTRACTORS, | |
| Respondents-Intervenors. | |

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 19, 2011
San Francisco, California

Before: TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Butte County, California (the County) petitions this court for review of the Federal Energy Regulatory Commission's (FERC) orders denying its complaint and petition for rehearing against the California Department of Water Resources (DWR), the licensee of a hydroelectric project located in Butte County. The County sought reimbursement from the DWR for public safety services, including law enforcement, fire, and rescue. The County contends that FERC acted arbitrarily and capriciously by failing to find that the DWR violated the Federal Power Act (FPA) and provisions of the license governing the hydroelectric project.

"Under the Administrative Procedure Act, this court reviews decisions by FERC to determine whether the agency action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Fall River Rural Elec. Co-op., Inc. v. F.E.R.C.*, 543 F.3d 519, 525 (9th Cir. 2008) (citation omitted).

"In accordance with *Chevron*, we must also give substantial deference to the Commission's interpretation of its own regulations. In other words, we must defer

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for Southern District of New York, sitting by designation.

to the Commission's interpretation unless an alternative reading is compelled by the regulation's plain language or by other indications of the Commission's intent at the time of the regulation's promulgation. Likewise, we must give deference to the Commission's interpretation of its own orders." *Cal. Trout v. F.E.R.C.*, 572 F.3d 1003, 1012-13 (9th Cir. 2009) (citation, alterations and internal quotation marks omitted).

None of the statutory provisions or regulations relied on by the County require the reimbursement of funds to a project's host municipality. Importantly, we are bound by FERC's interpretation of its own regulations absent a showing of contradictory language in the statutes and regulations or a different intent at the time the governing rules were created. *See California Trout*, 572 F.3d at 1012-13. The County pointed to none. Rather, the record reflects that FERC generally discourages license provisions mandating reimbursement for services provided. FERC's preference is for concrete performance requirements in the license, as it has no mechanism to confirm that proceeds paid to another entity actually serve a project purpose. *See Settlements in Hydropower Licensing Proceedings Under Part I of the FPA*, 116 FERC ¶ 61,270, 2006 WL 2709607, at *8 (2006). Local authorities are responsible for law enforcement. See *Yuba County Water Agency,* 54 FERC ¶ 62,082, 63,140-41 (1991) (holding that the Sheriff's office should be

allowed to comment on a recreation plan because it is responsible for law enforcement at the project).  Thus, it would appear that this matter is more appropriately resolved by state and local authorities rather than through an order from FERC.

We acknowledge the existence of Articles 7 and 14 of the Form L-6, which was incorporated into the license by reference.  *See Cal. Dep't of Water Res.*, 17 F.P.C. 262, 265 (1957), 16 F.P.C. 1117, 1121 (1953).  Article 7 mandates the licensee to allow the public free access to project waters and lands.  *See* 16 F.P.C. at 1123.  Article 14 requires that the licensee "do everything reasonably within its power . . . to prevent, make advanced preparations for suppression, and suppress fires on lands occupied under the license."  *Id.* at 1124.  However, neither clause mandates any specific expenditures, either for law enforcement or fire and rescue. It simply cannot be said that FERC acted arbitrarily or capriciously by declining to expand these provisions to include compensation for County personnel and services.

**PETITION FOR REVIEW DENIED.**